**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **MARCEL ALBERT, professionally known as MARC MYSTERIO,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 1:26-cv-00460-SDN** |
| **AMAZON.COM SERVICES LLC and DISTROKID LLC,** | ) | |
| **Defendants** | ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Marcel Albert's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court must, after granting IFP status, "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

Albert brings claims under the Lanham Act against Amazon.com Services LLC and DistroKid LLC based on allegations relating to the listing and streaming of his music on Amazon Music. *See* Complaint. In his complaint, Albert references a case he brought against Amazon and DistroKid in the Southern District of New York. *Id.* ¶¶ 12, 60. Notably, the court in that case dismissed Albert's claims against Amazon and DistroKid in part on motions to dismiss and then in full based on Albert's failure to comply with the court's orders. *See Albert v. DistroKid LLC*, No. 25 Civ. 1705

(KPF), 2026 WL 710041 (S.D.N.Y. Mar. 13, 2026) (order on motions to dismiss); 2026 WL 1760126 (S.D.N.Y. June 18, 2026) (order dismissing case), *appeal docketed*, No. 26-1703 (2d Cir. June 24, 2026).

The obvious issue this raises is whether the dismissal of Albert's complaint against Amazon and DistroKid in the Southern District of New York precludes his claims here. *See In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (noting that courts can raise the issue of res judicata on their own motion in circumstances where it is obvious from the complaint and matters of public record). "Federal claim preclusion law bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). "Claim preclusion applies if (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Id.*

Applying these factors, I conclude that Albert's claims in this case are barred by the claim preclusion prong of res judicata. The Southern District of New York's orders dismissing Albert's claims operated as adjudications on the merits. *See* Fed. R. Civ. P. 41(b). Although the legal basis for Albert's earlier claims was different from his claims in this case, his claims in both matters stem from the same nucleus of operative facts—namely, the listing and streaming of his music on Amazon Music and the stark decline in his streaming numbers on that platform—and are therefore sufficiently related to constitute one cause of action. *See Albert v. DistroKid LLC*, No.

1:25-cv-01705-KPF, ECF No. 28 (S.D.N.Y. May 16, 2025) (Albert's first amended complaint); *Apparel Art Int'l, Inc., v. Amertex Enters.*, 48 F.3d 576, 583-84 (1st Cir. 1995) ("Although a set of facts may give rise to multiple counts based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action.").[1] And there can be no doubt that the parties in this case are identical to Albert's previous case.[2]

Accordingly, I recommend that the Court **DISMISS** Albert's complaint. I also recommend—given that Albert's filing of this lawsuit was an obviously improper attempt to avoid the unfavorable result in the Southern District of New York—that the Court **CERTIFY** that an appeal from its order of dismissal would not be brought in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

---

[1] That Albert's complaint in this case may allege continuing harm does not change the res judicata analysis. *See N. Cal. River Watch v. Humboldt Petro., Inc.*, 162 F. App'x 760, 763 (9th Cir. 2006) ("Simply identifying continuing harm from the same conduct is insufficient to overcome res judicata.").

[2] Albert names "John Does 1-1000" as defendants in his complaint here and says that they are "persons and entities whose identities and roles are not yet known." Complaint ¶ 25. The inclusion of these unidentified defendants does not change the res judicata analysis. *See, e.g.*, *Harris v. County of Wake*, No. 5:11-CT-3044-FL, 2011 WL 6307824, at *3 n.2 (E.D.N.C. Dec. 13, 2011) (noting that the inclusion of an unknown defendant did "not affect the identity of the parties element of the res judicata test").

Finally, Albert is **WARNED** that filing restrictions may be imposed against him without further notice if he resorts to the vexatious litigation strategies he employed in the Southern District of New York. *See Albert*, 2026 WL 1760126, at *1 (noting that, after his counsel withdrew, Albert treated the Southern District of New York litigation "as a means of spreading calumny regarding the other participants" and the court); *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

***NOTICE***

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: October 14, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge